IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SHARRON SELLICK**, *Plaintiff*, v. **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**, *Defendants*. | No. 15-cv-9082 |

PENNY M. VENETIS hereby declares, under penalty of perjury of the laws of the United States, as follows:

1. I am the Executive Vice President and Legal Director of Legal Momentum, the *Women's Legal Defense and Education Fund*. I submit this declaration in support of Legal Momentum's Motion to Assert a Charging Lien under N.Y. Judiciary § 475.

2. I began working at Legal Momentum in late January 2015. Based on the work I have done on behalf of Ms. Sellick, my review of Legal Momentum's files related to Ms. Sellick, and conversations with Legal Momentum's former employees who worked on behalf of Ms. Sellick, I am familiar with the facts and law related to Ms. Sellick's employment discrimination claim and this motion.

3. Legal Momentum is the oldest women's rights legal organization in the United States. Founded in 1970 as the NOW Legal Defense and Education Fund, the organization has litigated landmark cases in employment rights, reproductive rights, sex equality in education, and other areas of women's rights involving gender discrimination.

Legal Momentum is also a very small nonprofit that represents clients for free. The primary way to continue doing so is by ensuring that we collect attorneys' fees that are due to Legal Momentum. As a result, in its retainer agreements, it provides very specific provisions for attorneys' fees for its prevailing clients.

4.     On July 18, 2007, Ms. Sellick retained Legal Momentum as counsel. Attached as **Exhibit 1** is Legal Momentum's retainer agreement with Plaintiff Sharron Sellick.  Ten out of twenty three paragraphs of that retainer agreement addresses attorney's fees.

5.     For over eight years, from July 2007 until November 2015, Legal Momentum worked tirelessly as Sharron Sellick's counsel of record in her gender discrimination suit against Con Edison before the Equal Employment Opportunity Commission ("EEOC"), and in medication efforts.  Legal Momentum kept contemporaneous and detailed time records in relation to the work performed on behalf of Ms. Sellick.  I reviewed all of those time records.  In sum, Legal Momentum spent a total 420.15 hours representing Ms. Sellick.  In preparing the fee petition related to his motion, which I had submitted to both Con Edison and Mariann Meier Wang for purposes of settlement on May 19, 2016, I cut approximately 40 hours from the total time listed on our records.[1]

6.     Legal Momentum Senior Staff Attorney, Gillian Thomas, spent nearly 30 hours investigating Ms. Sellick's claims, and preparing to file Ms. Sellick's EEOC

---

[1] Legal Momentum has not included time spent litigating this attorneys' fee dispute in its total time. However, Legal Momentum Staff Attorney O. Iliana Konidaris has spent 113.75 hours in total on this issue drafting correspondence, conducting legal research, reviewing Ms. Sellick's file, reviewing time records, and drafting this motion and submitting all accompanying exhibits. I have spent over 50 hours on this matter.

charge, an eight-page document, which was filed on September 19, 2007. Attached as **Exhibit 2** is Ms. Sellick's initial EEOC Charge.

7. Legal Momentum then continued to work closely with Ms. Sellick to build her case against Con Edison. Ms. Thomas spent close to 30 additional hours from September – November 2007 corresponding with Ms. Sellick and interviewing witnesses that would corroborate Ms. Sellick's claims. *See* Legal Momentum's Fee Chart and contemporaneous time records, attached as **Exhibits 3** and **4**.

8. To bolster Ms. Sellick's claims and to build the strongest case possible on behalf of Ms. Sellick, Ms. Thomas also met and collaborated with the New York Attorney General's Office during this time.

9. This work resulted in a nine-page amended charge with the EEOC, which Ms. Thomas drafted and filed on November 15, 2007. Attached as **Exhibit 5** is the amended charged filed with the EEOC.

10. On January 29, 2008, Con Edison responded to Ms. Sellick's claims with a "Position Statement."

11. On February 22, 2008, Legal Momentum then filed an extensive, 19-page rebuttal with over 20 exhibits on February 22, 2008.

12. In March 2008, Legal Momentum corresponded with the EEOC on Ms. Sellick's behalf via email, providing further documentation supporting Ms. Sellick's discrimination claim.

13. Legal Momentum's attorney Michelle Caiola spent approximately nine hours drafting and finalizing the "Tolling and Standstill Agreement," wherein the parties agreed to toll the statute of limitations to attempt to settle the matter informally.

14. On July 30, 2009, Legal Momentum drafted and sent a letter to the EEOC. Several law firms, including Outten & Golden and Counsel Mariann Meier Wang's firm at the time, Emery Celli Brinckerhoff & Abady LLP ("ECBA"), signed the letter as well, providing the EEOC with 11 documents to assist the agency in its investigation of systemic discrimination. This letter was sent on Legal Momentum letterhead.

15. Upon information and belief, Ms. Wang represented at least two other claimants against Con Edison, Kecia McCowan and Andrea McSwain, apart from Ms. Sellick.

16. By the end of 2009, Legal Momentum had spent over 220 hours representing MS. Sellick and agreed to co-counsel with ECBA, and subsequently with CHW, once Ms. Wang switched firms. No co-counsel agreement was entered into that altered in any way the retainer agreement between Legal Momentum and Ms. Sellick.

17. Legal Momentum represented Ms. Sellick, and continued to represent *only* Ms. Sellick, until after Ms. Sellick received her "right to sue" letter from the EEOC in 2015.

18. On November 7, 2011, Ms. Sellick, along with seven other women (together "Charging Parties") received a "reasonable cause" finding by the EEOC that they were discriminated against by Con Edison on account of their sex. This finding is rare. Attached as **Exhibit 6** is a PDF of EEOC statistics concerning "reasonable cause" findings, demonstrating that in 2011, the EEOC made such findings less than 5% of the time in sex discrimination cases. *See* U.S. Equal Employment Opportunity Commission, Sex-Based Charges FY 1997 – FY 2015 at

4

https://www.eeoc.gov/eeoc/statistics/enforcement/sex.cfm (last accessed on June 20, 2016).

19. Legal Momentum, along with counsel for the other Charging Parties, then began preparing for "conciliation."

20. On November 27, 2012, Legal Momentum's Acting Litigation Director Michelle Caiola spent over thirty hours drafting a 23-page reply to the EEOC on behalf of the Charging Parties. This letter was submitted on November 30, 2012 by Ms. Caiola on Legal Momentum's letterhead.

21. On November 30, 2012, Legal Momentum drafted the 23-page reply to the EEOC on behalf of the Charging Parties, dated November 30, 2012. This letter was submitted by Ms. Caiola on Legal Momentum's letterhead.

22. In a June 24, 2014, in a draft letter to the AG's Office and the EEOC encouraging settlement, Legal Momentum and CHW together requested a total of $380,000 for attorneys' fees.  The email transmitting that draft to CHW and the letter is being submitted to the Court under seal, pursuant to a separate motion filed along with Legal Momentum's Motion to Assert a Charging Lien Under N.Y. Judiciary Law § 475 ("Motion").

23. Upon information and belief, this letter was not drafted by a Legal Momentum employee; it was drafted by one of the other attorneys for the Charging Parties, and Ms. Wang saw the document at the time.

24. Most recently, this draft letter was sent to CHW via email on February 17, 2015 to support Ms. Sellick's statement submitted to Judicial Arbitration and Mediation Services ("JAMS"), Michael Young, Esq. Attached as **Exhibit 7** is the February 17, 2015

email from Christina Brandt-Young to Alice Reiter (of CHW) and Ms. Sellick, copying Ms. Wang and me, and the draft letter, which was one of the attached documents. Out of abundance of caution and to support continued settlement efforts as well as to protect our former client's interests, **Exhibit 7** has been filed under seal in an ancillary motion.

25. During the "conciliation" phase of the case, Legal Momentum, counsel for the Charging Parties, and Con Edison agreed to work with a private mediator. JAMS Mediator, Michael Young, Esq., was hired in January 2015 to handle the matter.

26. In preparation for the mediation, Ms. Venetis and Ms. Brandt-Young of Legal Momentum made significant substantive edits to Ms. Sellick's mediation statement submitted to JAMS in February 2015 and sent CHW seven documents to add to Ms. Sellick's mediation statement.

27. Neither the conciliation nor the mediation processes were ultimately successful.

28. Legal Momentum Staff Attorneys Christina Brandt-Young and Jelena Kolic attended two entire medication sessions in the course of 2015. I was called multiple times from the mediation for consultation by both Legal Momentum and other attorneys related to settlement related-issues. Additionally, Ms. Wang called me from other settlement meetings, and I consulted with her on issues related to Con Edison's settlement offers.

29. On August 21, 2015, Ms. Sellick received her "right to sue" letter from the EEOC, indicating that the EEOC had finished investigating and processing Ms. Sellick's claim. Legal Momentum was still representing Ms. Sellick at that time.

30. The "right to sue" letter provided a 90-day window for Ms. Sellick to file suit.

31. Pursuant to the terms of the "Standstill and Tolling Agreement," Ms. Sellick notified Con Edison of her intent to sue on August 26, 2015.

32. Between August 26, 2015 and November 2015, Ms. Sellick and Legal Momentum had several conversations and mutually decided that Legal Momentum would not pursue federal litigation on Ms. Sellick's behalf, and that Ms. Sellick would be represented by CHW.

33. Legal Momentum sent Ms. Sellick a separation letter on November 18, 2015, which reminded Ms. Sellick that pursuant to her retainer agreement with Legal Momentum, Legal Momentum was still entitled to attorneys' fees. Attached as **Exhibit 8** is the separation letter. Neither Ms. Sellick nor Ms. Wang contested that separation in any way, or responded to it.

34. Over the course of eight years, Legal Momentum spent over 430 hours representing Ms. Sellick, approximately 80 of which were spent preparing for and attending mediations. The case was leanly staffed at all times.

35. Attached as **Exhibit 9** is the transcript of the June 13, 2016 hearing.


Dated: New York, New York
       June 20, 2016

                                                                                                                                              /s/
                                                  PENNY M. VENETIS