EXHIBIT 1



# RETAINER AGREEMENT

Name:        Sharron Sellick

Address:     205 E. 95th Street, #18D
             New York, NY 10128

Phone:       (646) 773-1993

This retainer agreement (the "Agreement") represents the understanding between me, Sharron Sellick (the "client"), and Legal Momentum. The provisions of this agreement pertain solely to my claims against Consolidated Edison Company of New York and Consolidated Edison, Inc. (the "defendants") for sex discrimination in employment and retaliation (the "case").

## SCOPE OF REPRESENTATION

1. I understand that Legal Momentum is representing me as my attorney in this case. I understand that Legal Momentum could look for co-counsel who will also represent me in this case. I will have an opportunity to approve or disapprove of any co-counsel and I understand that I will sign a separate retainer agreement with any such co-counsel. In the event that Legal Momentum secures co-counsel, I will receive a copy of any co-counsel agreement signed by Legal Momentum and such co-counsel.

2. Legal Momentum will consult with me about all decisions that could affect me and this action.

3. I understand that Legal Momentum has agreed to represent me in proceedings before the Equal Employment Opportunity Commission ("EEOC"). Legal Momentum has not made any promises or predictions to me about the likelihood of success in the case.

4. Legal Momentum does not have any obligation to represent or secure representation for me in any subsequent stages of this case, or for any other legal matter that I may have. The decision whether to offer any such additional representation will be made if and when it becomes necessary. Any such representation will be the subject of a subsequent agreement, although if any services are performed in the absence of a new retainer agreement, with my express or implied consent, the terms of this agreement shall continue in effect.

## FEES, COSTS, AND OTHER CHARGES

5. I understand that the legal services of Legal Momentum will be provided to me free of charge. I further understand that Legal Momentum may seek attorneys' fees and costs from the defendants, and I authorize it to do so.

6. I understand that, except as provided below for opponents' costs and fees, Legal Momentum may advance costs and expenses of the litigation, and that I may be responsible to repay Legal Momentum for those costs. If I recover any money in this case, either in a settlement or otherwise, Legal Momentum has the right to require me to repay such costs and I agree to do so.

7. If my case is successful, the court may require the defendants to pay litigation costs and/or attorneys' fees. Because I am not being charged any fee for Legal Momentum's services, I hereby assign any award of attorneys' fees to Legal Momentum. I also hereby assign any court award of costs to Legal Momentum. This agreement as to court-awarded costs and/or attorneys' fees may be altered by any subsequent co-counsel agreement that Legal Momentum may enter into.

8. Regarding those legal claims for which I may be entitled to court-awarded costs and attorneys' fees as well as to monetary relief for myself, I understand that Legal Momentum will seek to settle my claims for monetary relief for myself before negotiating my claims for costs and attorneys' fees. I agree not to accept a settlement for such claims unless it makes some provision for costs and attorney's fees, and I agree to seek one of one of the following provisions in the settlement of any such claim:

   a) The defendants will pay reasonable costs and attorneys' fees, calculated by multiplying the hours expended by a reasonable hourly rate for determining such fees; or

   b) The defendants will pay a smaller amount for costs and attorneys' fees that Legal Momentum and I agree to accept; or

   c) The defendants will permit the court or administrative body to decide how much they must pay for costs and attorneys' fees.

9. In the event defendants insist on settling the case for a lump sum covering all their monetary obligations, I will cooperate with Legal Momentum in reaching mutual agreement on (a) a reasonable minimum amount I will accept for my monetary relief and (b) a reasonable minimum amount I will accept for attorneys' fees. If a lump sum settlement is reached, the costs of the litigation shall first be deducted and paid to Legal Momentum.

   a) If, after costs, the remaining amount (the "net settlement") <u>exceeds</u> the sum of the monetary relief minimum and the attorney fee minimum, the excess amount shall be monetary relief for me, except that up to one-third of the excess amount shall be allocated as attorneys' fees so long as the total attorneys' fees do not exceed the hours expended multiplied by a reasonable hourly rate for determining such fees.

2

b) If, after costs, the net settlement is less than the sum of the monetary relief minimum and the attorney fee minimum, the amount allocated for attorneys' fees shall be the greater of the net settlement amount minus the monetary relief minimum or one-third of the net settlement amount, but shall not in any event exceed the attorney fee minimum. 9.

10. I also understand that Legal Momentum must convey any settlement offer to me and that I make the ultimate decision whether to accept or reject a settlement offer, even if the offer is expressly conditioned on my giving up my right to receive attorneys' fees and/or costs (a "fee waiver"). However, I agree that in the event that I decide to accept a settlement offer that includes a fee waiver, Legal Momentum has the right to charge reasonable attorneys' fees plus the costs of litigation against the amount of the settlement, and to deduct those amounts from the settlement amount before remitting the balance to me.

11. I understand that Legal Momentum's attorneys are not tax attorneys and cannot advise me as to the proper tax treatment of any money that is recovered by me as a result of this action, or any attorneys' fees and expenses that the defendants or I may pay to Legal Momentum. Therefore, Legal Momentum recommends that I talk to a qualified tax professional about the proper tax treatment of these matters if and when it becomes relevant.

12. If I dispute that I owe any attorneys' fees that may be owed by me, I have the right to elect to resolve that dispute by arbitration, under the Rules of the Chief Administrator of the Courts, Part 137. This arbitration proceeding is not available if the dispute is for less than $1,000.00 or for more than $50,000.00. If Legal Momentum learns that such a dispute exists, it will sent me a notice telling me how to file for arbitration.

13. If there is any other unresolved dispute between us pertaining to Legal Momentum's attorneys' fees, costs, or performance of services, we will first mediate our differences. If mediation fails, any such dispute will be fully and finally resolved through arbitration under the auspices of JAMS or another agreed upon dispute resolution organization.

14. I understand that during the course of the case, the defendants may offer to settle the case on the condition that the settlement be kept confidential. I understand that it is Legal Momentum's view that such confidentiality agreements are harmful because they impair the ability of other women to learn about and advocate for their rights, and because such agreements can result in harsh consequences, including my being sued, if the defendants perceive that the terms are not met. While I understand that Legal Momentum will communicate any settlement offer to me, I agree that only as a last resort will I accept a settlement that prohibits the filing of the settlement in court, or that requires me or Legal Momentum to keep the amount or terms of the settlement secret or confidential, or that otherwise impairs the ability of me or Legal Momentum to discuss the settlement freely.

## OFFERS OF JUDGMENT AND SANCTIONS

15. I understand that during the course of these proceedings, the defendants may make a formal written settlement offer (an "Offer of Judgment"). In the event that Legal Momentum recommends that I accept any such Offer of Judgment, and I nevertheless reject the Offer of Judgment, I understand and agree that Legal Momentum may withdraw from the case, subject to court approval. If I reject the Offer of Judgment after Legal Momentum has recommended that I accept it, and if I ultimately recover less than the amount of the Offer of Judgment, there is a possibility that the court

3

may order me to pay the defendants' post-Offer costs and fees. I alone am responsible for paying any such award. However, if, on the recommendation of Legal Momentum, I reject such an Offer of Judgment, and as a result the court orders me to pay the defendants' post-Offer costs and fees, Legal Momentum will be responsible for paying any such award.

16. If my case is not successful, and if the court rules that the case is frivolous, unreasonable or groundless, the court may order me to pay the defendants' costs and/or attorneys' fees. In the event of any such court order, Legal Momentum agrees to pay the entire amount of the defendants' fees and costs awarded, with one exception. I understand that I alone am responsible for such an award if I misstate the facts to Legal Momentum, and the court ruling is based upon facts found to be substantially and materially different than I have stated them.

17. If any fines, penalties, or damages are assessed against me personally, I alone will be responsible for paying them.

## CONDUCT OF REPRESENTATION

18. I agree to fully and accurately disclose all facts and to keep Legal Momentum fully apprised of all developments relating to the case. I also agree to cooperate fully with Legal Momentum, by, for example, responding promptly when contacted by my Legal Momentum attorney, and by being available to prepare for and attend meetings, discovery proceedings, conferences, hearings, trials and any other proceedings.

19. Legal Momentum will notify me of significant developments in the case.

20. I understand that, in the course of representing me in the case, my attorney(s) at Legal Momentum may consult with and be assisted by other employees of Legal Momentum, including interns, attorneys, and support staff. I authorize Legal Momentum to divulge to such personnel any information necessary to enable it to provide assistance. Such Legal Momentum personnel will maintain the confidentiality of any non-public information they may receive, except as specified below in Paragraph 23 of this Agreement.

Although Legal Momentum attorneys may consult with other Legal Momentum personnel about this matter, Legal Momentum will at all times exercise independent professional judgment in its representation.

## TERMINATION OF REPRESENTATION

21. Legal Momentum may terminate its representation and withdraw from my case if: (a) in its sole discretion Legal Momentum believes that further proceedings would be frivolous, unreasonable or groundless; (b) the facts of my case are found to be materially and significantly different than I have stated them; or (c) I fail to cooperate with Legal Momentum, as described in Paragraph 18 of this Agreement. I agree not to oppose such withdrawal. Such withdrawal shall be in conformity with local court rules.

22. I also understand that I am free at any time to discharge Legal Momentum from representing me (subject to court approval if required). However, if I choose to discharge Legal Momentum without cause, I agree that it will not be under any obligation to find replacement counsel.

4

## PUBLICITY

23. I agree that Legal Momentum may publicize this matter in the interests of educating the public about women's rights. Legal Momentum will coordinate all media efforts concerning the case, including but not limited to interviews, newsletter stories, television appearances, and op-eds. However, I reserve the right to refuse any particular media effort if I am not comfortable participating in it. My name may/may not (circle one) be used in connection with such publicity.

## SIGNATURES

I agree that I have read this Retainer Agreement; that the Legal Momentum attorney whose signature appears below mine has explained it to me; that my questions about this Retainer Agreement have been answered to my satisfaction; that I agree to the terms of this Retainer Agreement.

7/18/07
Date

*[signature: Sharron Sellick]*
Sharron Sellick

Subscribe and Sworn before me this 18 day of July 2007

*[signature: Suresh Maharaj]*

6-27-07
Date

*[signature]*
Gillian Thomas
Staff Attorney

SURESH MAHARAJ
Notary Public, State of New York
No. 01MA6146472
Qualified in Queens County
COMMISSION EXPIRES 05/15/2010

5